IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LORENZA VILLAREAL<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 3:20-cv-00224 |
| | § | |
| NATIONWIDE PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>    *Defendant.* | §<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Lorenza Villareal v. Nationwide Property and Casualty Insurance Company*; Cause No. 2020DCV2205; In the 448th Judicial District of El Paso County, Texas.

## I.
## BACKGROUND

Plaintiff Lorenza Villareal (hereinafter "Plaintiff") initiated the present action by filing her Original Petition in Cause No. 2020DCV2205; In the 448th Judicial District of El Paso County, Texas on July 10, 2020 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

1. Defendant appeared and answered on August 7, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

2. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

3. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 448th Judicial District Court of El Paso County, Texas.

4. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A. Diversity of Parties**

6. Plaintiff is domiciled in El Paso County, Texas. *See* **Exhibit A**, ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

7. Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

8. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B. Amount in Controversy**

9. It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in

the initial pleading shall be deemed to be the amount in controversy."[1] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[2] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[3]

10. Here, Plaintiff seeks "monetary relief over $100,000." Exhibit B, Plaintiff's Original Petition, at ¶ 4. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition

11. Plaintiff further seeks compensation for (1) actual damages, (2) statutory benefits; (3) treble damages, (4) exemplary and punitive damages; (5) attorney's fees; (6) pre- and post-judgment interest; and (7) costs of suit. *See* **Exhibit A,** at p. 13. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** ¶¶ 38, 43, and 50; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[4]

12. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[1] 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[2] *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[3] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[4] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.
## CONCLUSION

13. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14. WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Jacob S. Jones
Texas Bar No. 24101975
jjones@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via E-mail and U.S. Mail this the 7th day of August, 2020 to:

Shaun W. Hodge
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
shodge@hodgefirm.com

                          */s/ Patrick M. Kemp*
                          Patrick M. Kemp